Deake, Oh. J.,
delivered the opinion of the court:
The claimant having, in the year 1808, a claim against the-republic of Peru, for damages sustained by him through the-unlawful acts of officials of that country, gave, on the 30th of December, 1808, to Henry M. Brent, then secretary of the-United States legation in Peru, a power of attorney, authorize ing said Brent, for him, and in his name, place, and stead, “to-demand pecuniary indemnification from the government of the republic of Peru” for those unlawful acts, and to “ prosecute the said claim against the said government,” and “ giving and granting to the.said attorney full power and authority to do and perform all and every act and thing whatsoever requisite- and necessary to be done in and about the premises ”
On the 4th of December, 1868, a'convention was signed between the United States and the republic of Peru, providing; for a mixed commission to hear and decide upon all claims by citizens of the respective countries against the other.; and the commission was organized. Before that commission the claim of the claimant was presented by Brent on his behalf; and outlie 12th of February, 1870, the commission awarded 35,000-Peruvian silver soles in favor of the claimant, which sum, less 3 per cent., reserved therefrom in accordance with the terms of said convention, was on the 13th of June, 1870, paid by the government of Peru to Alvin P. Ifovey, the minister of the United States to Peru, who, on the same day, paid the whole amount to Brent as the attorney of claimant.
*538 On the 21st of February, 1870, Brent bad, by letter, notified -claimant that lie bad arranged with parties to prosecute the ■claim, with the agreement with them that of whatever sum •might be awarded to claimant, all above 10,000 soles should go to pay the expenses of the claim.
On the day that Brent received the money from Minister Hovey, be wrote a letter to claimant in the following words :
“ This will entitle you to draw upon Messrs. Alsop & Co., of this city, for 10,000 silver, soles, being in full of your demand :and claim against the Peruvian government, lately adjudged by the mixed commission, and in full of all demands against myself or any other person for or on account of the same. If ¿accepted, you will indorse your name on the back of this order, •and send it forward with your draft; otherwise the same will ■not be honored.”
The claimant returned this paper, with this indorsement written over bis signature : “ Accepted, reserving any rights 'not conferred by the power of attorney granted by me to II. M. Brent, December 30,1S68.” When this was shown to Brent be wrote upon the paper, and signed, these words : “ Protested,, •since the acceptance above written is not in conformity with the ■authority given by me on the other side hereof.”
This was done on the 19th of August, 1870.
On the 13tli of January, 1871, this paper, with those indorsements on it, was sent back by claimant to Alsop & Co., and •underneath the said indorsements the claimant had indorsed his name in blankwhich being satisfactory to Brent, that house paid claimant 10,000 soles; aud they, or Brent, wrote .above the last-written signature of claimant the words: “Received payment, agreeably to the conditions written on other side hereof.”
The claimant now sues the United States to recover the whole amount paid by the government of Peru to Minister Hovey, except the 10,000 soles which he received from Alsop & Co., basing his claim upon the following propositions :
1. That Brent was not authorized, under the power of attorney, to prosecute the claim before the mixed commission, but only before the government of Peru;
2. That the power, was revoked by a letter addressed by claimant to Mr. Fisb, Secretary of State, on the 25th of March, 18.7Q, declaring its revocation, and requesting the Secretary to *539 ■communicate the revocation to the legation of the United States at Lima, which, by letter dated April 13, 1870, the Secretary ■declined to do;
5. That the power, if not efficiently revoked, did not authorize Brent to receive the money awarded to claimant;
1. That, therefore, the payment of the money by Minister ■Hovey to Brent was an unlawful and wrongful act; and
5. That, therefore, the United States are liable to claimant for the amount awarded to him and paid by Peru to Minister Hovey, except the 10,000 soles.
There is no legal force in any of these positions.
As to the first and the third, we hold that the authority given to Brent “to demand pecuniary indemnification from the government of the republic of Peru,” and “ to prosecute the claim against the said government,” and “ granting to the ■attorney full power and authority to do and perform, all and ■every act and thing whatsoever requisite and necessary to be done in and about the premises,” authorized him to ' prosecute the claim wherever and however it could beiwosecuted, aiidleft it to his discretion where and how to prosecute it; and when, by treaty between the United States and Pern, a special commission was organized to decide all such matters, the attorney was fully justified in taking the claim before it as the very means of obtaining the desired redress for his principal. Equally clear to us is it that the power i! to demand pecuniary indemnification” carried with it the power to receive the. indemnification when granted.
As to the second point, we hold that there was no revocation of the power which could have any effect as to the attorney. To make a revocation effective notice thereof must be given to the attorney, and until it be given his authority continues. It is a remarkable feature of the case that, though as early as March 25,1870, the claimant declared to the Secretary of State his revocation, and asked that it should he communicated bjr the Secretary to the legation of the United States at Lima, and his request was refused, he thenceforth took no step to give notice to the attorney of the revocation, though the attorney as early as February 21,1870, had informed him of the arrangements he had made, whereby all above 10,000 soles of the award in his favor was to go to defray expenses. Had the ■claimant intended to resist the action of his attorney, then *540 was the time to notify Mm of the revocation of Ms power; but no such notice was at any time given. The power therefore continued in force.
If there were auy doubt on these points it would he entirely dispelled by the claimant’s own action in receiving the 10,000 soles from Brent. The letter of the latter, of June 13, 1870, fully stated the terms and conditions on which he would pay that sum to claimant. Those terms were at first refused, or accepted with a qualification tantamount to a refusal. Thereupon, Brent refused to pay the money. ' Nearly five months after he did so, the terms of his letter were complied with, by its return to him with claimant’s name indorsed thereon underneath the previous indorsements. It was urged at the trial by claimant’s counsel that this indorsement was in blank, and that the receipt was afterward written over it; and we have so found the fact; but it avails the claimant nothing. Brent's letter of June 13, 1870, explicitly notified him that Ms indorsement thereupon was a prerequisite to the payment of the money, and if it- were not put there his draft "would not be honored, lie took from June 13, 1870, to January, 1871, to consider whether he would indorse the paper, and after having refused to do so, finally did it, and by doing it got his money. That the indorsement was in blank did not affect its legal force; it was the key that opened his way to the money, and he was free to use it or not, as he pleased. He pleased to use it, and he cannot now be permitted to say that it was not intended to do the very work for which he used it. The voluntary receipt by him of the money, on the terms stated in the paper which he indorsed, was a complete ratification of all that his attorney had done, and a final settlement of the whole matter, not only as to the attorney, but as to all other parties.
It follows, from the conclusions thus stated, that there is nothing in the fourth and fifth positions taken on behalf of tin1 claimant-. He has no valid claim against the defendants, and his petition must be dismissed.
Nott, J., did not sit in this case and took no part in the decision.